IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Charles Jennings, #249258, ) | |
| ) | Civil Action No. 8:04-21931-CMC-BHH |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Collie Rushton, Warden, McCormick ) | |
| Correctional Institution; and Henry ) | |
| McMaster, Attorney General for ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined at the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for McCormick County. The petitioner was indicted by the McCormick County grand jury on February 24, 1997, for murder, and on April 13, 1998, for pointing a firearm and possession of a firearm during the commission of a violent crime. The charges stemmed from the October 5, 1996, shooting death of the petitioner's wife, Sarah Jennings. The petitioner, represented by attorney Gaddis Anderson, proceeded to

trial before a jury and the Honorable Frank Eppes on April 20-24, 1998. On April 24th, the petitioner was found guilty of voluntary manslaughter, possession of a firearm during the commission of a violent crime and pointing a firearm. Judge Eppes sentenced the petitioner to 30 years imprisonment for voluntary manslaughter; five years concurrent for possession of a firearm during the commission of a violent crime; and five years concurrent for pointing a firearm. The petitioner filed a timely notice of intent to appeal; and an appeal was perfected by Robert M. Dudek of the South Carolina Office of Appellate Defense.

On June 15, 1999, the petitioner submitted a final brief of appellant, in which he raised one issue:

> Did the trial judge err in allowing the state to present evidence of a .25 caliber bullet and a .25 caliber shell casing recovered from the scene, where it was undisputed that a .380 caliber weapon fired the fatal shot, and where the evidence surrounding the *.25* caliber bullet and shell casing was not relevant, and the prejudicial effect of this evidence outweighed its probative value?

The State filed its final brief of respondent on June 23, 1999. In a *per curiam* opinion, the South Carolina Supreme Court affirmed the conviction pursuant to Rule 220(b)(1), SCACR. *State v. Charlie Jennings, Jr.*, Mem. Op. No. 2000-MO-025 (filed March 9, 2000).

On April 26, 2000, the petitioner filed an application for post-conviction relief. The State filed a return in the matter on August 1, 2000. The Honorable James R. Barber, Circuit Court Judge, held an evidentiary hearing in the matter on February 11, 2002. The petitioner was present at the hearing and was represented by attorney Lori D. Hall,. Elizabeth R. McMahon of the South Carolina Attorney General's Office represented the State. At the hearing, the petitioner proceeded on the following allegations:

> (1) Applicant was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to ask for a King charge on lesser offenses.

>   (2)     Applicant was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to object to introduction of prior bad acts by the State.
>
>   (3)     Applicant was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to object to the prosecution and punishment of the crimes of pointing and presenting a firearm and possession of a firearm during the commission of a violent crime, as violative of double jeopardy.
>
>   (4)     Applicant was denied the effective assistance of appellate counsel as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution when appellate counsel failed to brief meritorious issue for appellate review.

The petitioner testified on his own behalf. Also testifying was trial counsel Anderson. On April 29, 2002, Judge Barber issued an order denying and dismissing the application with prejudice.

The petitioner filed a timely notice of intent to appeal. On March 10, 2003, the petitioner filed a *Johnson* petition for writ of certiorari and petition to be relieved as counsel. In the petition, he presented the following issue for relief:

>   Whether petitioner received effective assistance of counsel where his lawyer failed to cross-examine the forensic pathologist in a murder trial on a pivotal issue.

Additionally, the petitioner filed a *pro se* document presenting the following issues to the South Carolina Supreme Court:

>   (1)    Did petitioner receive a fair and full post-conviction relief hearing?
>
>   (2)    Was petitioner provided a full and fair direct appeal? Was this a violation of jurisdiction of the subject matter?
>
>   (3)    Did the general sessions court have jurisdiction over the subject matter?

By order dated September 10, 2003, the S.C. Supreme Court denied the petition for writ of certiorari and granted the petition to be relieved as counsel. A remittitur dismissing this appeal was filed on September 26, 2003.

In his *pro se* petition now before this court, the petitioner raises the following grounds (verbatim):

> **Ground One:** "Conviction obtained by a violation of protection against Double Jeoapardy and ineffective assistance of counsel.
>
> Petitioner was tried and found guilty of pointing a firearm and possession of a weapon during the act of a violent crime, these two chares arise from the same act or incident, as petioner was also charged with muder and found guilty of manslaughter. This was a violation of Double Jeopardy clause of the United States constitution and trial counsel failed to object."
>
> **Ground Two:** "Denied full and fair post-conviction hearing.
>
> Petioner raised issues at his PCR, hearing, yet the pcr Judge failed to rule on the issues, which failed to perserve the issues for appeal to the highest state court."
>
> **Ground Three:** "Denied effective assistance of trial counsel.
>
> Trial counsel failed to request a king charge, which is lesser included offense of chare, where petitioner was charged with murder, and court faild to instruct involuntary manslaughter charge. Trial counsel also failed to to introduction of evidence of prior bad acts, which did not apply to the crime charged."
>
> **Ground Four:** "Denied effective assistance of appellate counsel.
>
> The petioner states that appellate counsel failed to brief meritorious issue for appellate review, such as question of whether mistrial shoud have been granted following the improper introduction of the evidence of other crimes and evidence of other shell casing and bullet not connected to this crime."

On October 14, 2004, the respondents filed a motion for summary judgment. By order of this court filed October 14, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on November 19, 2004.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), *aff'd*, 120 S.Ct. 727 (2000). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies

and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C.A. §2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. §2254(d)(2); *see Williams v. Taylor*, 120 S.Ct. 1495, 1516 (2000).

If a petitioner before a federal district court fails to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts.  In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice as the exhaustion requirement is technically met and the rules of procedural bar apply.  *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(*citing Coleman v. Thompson*, 501 U.S. 722 n.1 (1991)).  The adequate and independent state ground doctrine, which precludes federal habeas courts from considering procedurally defaulted claims, rests on principles of comity; "[i]t concerns the respect that federal courts owe the States and the States' procedural rules when reviewing the claims of state prisoners in federal habeas corpus."  *Coleman*, 501 U.S. 722.

## ANALYSIS

### *Ground One:  Double Jeopardy*

The petitioner contends that his convictions for both pointing a firearm and possession of a firearm during the commission of a felony violate the double jeopardy clause.  The petitioner contends that his prosecution for the two crimes was improper because "they were part of the same alleged acts that he was convicted for" (pet. mem. at 2).  He also argues that his trial counsel was ineffective for failing to object to his prosecution for the two charges in violation of the double jeopardy clause.

This issue was included in the petitioner's application for post-conviction relief. No evidence or argument was presented on this issue, however, and it was not ruled upon by the PCR court. Thus, this claim is procedurally barred from habeas review. *Coleman*, 501 U.S. 22.

Moreover, this claim also fails on the merits. The double jeopardy clause of the United States Constitution protects citizens from being twice put in jeopardy of life or liberty.[1] The prohibition against double jeopardy protects both against prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense. *See United States v. Dixon*, 509 U.S. 688 (1993). In *Dixon*, the Supreme Court reiterated that the "same-elements" test announced in *Blockburger v. United States*, 284 U.S. 299 (1932), is the appropriate test for determining whether two offenses are the same for double jeopardy purposes. In *Blockburger*, the United States Supreme Court held that where the same act or transaction constitutes a violation of two distinct statutory provisions, "the test to determine whether these are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304.

The elements of pointing a firearm are (1) a pointing or presenting; (2) at another person; (3) of a loaded or unloaded firearm. S.C. Code Ann. §16-23-410. A person is guilty of possession of a firearm during the commission of a violent crime if he is in possession of a firearm or visibly displays what appears to be a firearm during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime. S.C. Code Ann. §16-23-490.

Under the *Blockburger* test, the two offenses of pointing a firearm and possession of a firearm during the commission of a violent crime are separate and distinct offenses. The offense of possession of a firearm during the commission of a violent crime

---

[1] U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb ...").

requires the separate element of the commission of a violent crime. Clearly, an individual could be charged with or convicted of pointing and presenting a firearm without being charged with possession of a firearm during the commission of a violent crime. Therefore, the two crimes are separate and distinct for double jeopardy purposes. Accordingly, this ground is without merit.

To the extent that the petitioner is raising this issue as an ineffective assistance of counsel claim, it also fails. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant "must show that counsel's performance was deficient." *Id*. at 687. To prove deficiency, the defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Second, the defendant must show that the deficient performance actually prejudiced him. The defendant bears a "'highly demanding' and 'heavy burden' in establishing actual prejudice." *Williams v. Taylor*, 120 S.Ct. 1495, 1513-14 (2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688. It is insufficient to show only that the errors had some conceivable effect on the outcome of the proceedings, because virtually every act or omission of counsel would meet that test. *Id*. at 693. Review of counsel's performance is "highly deferential." *Id*. at 689. In addition, competency is measured against what an objectively reasonable attorney would have done under the circumstances. *Id*. at 687-688. Counsel are afforded a strong presumption that their performance was within the broad range of professionally competent assistance. *Id.* at 689. As set forth above, there was no double jeopardy simply because the petitioner was charged with both pointing a firearm and possession of a firearm during the commission of a violent crime. Thus, the petitioner cannot show that his counsel's performance was deficient. This claim is therefore without merit.

***Ground Two: Post-conviction Hearing***

In his second ground for relief, the petitioner claims that he was denied a full and fair post conviction hearing: "Petitioner raised issues at his PCR hearing, yet the PCR judge failed to rule on the issues, which failed to preserve the issues for appeal to the highest state court" (pet at 5).  It is unclear from the petition what argument the petitioner is actually making.  The memorandum submitted by the petitioner in opposition to the motion for summary judgment does not specifically mention this ground for relief.  A review of the record from the post-conviction hearing indicates that the petitioner received a full and fair hearing and that he had the opportunity to testify and call witnesses.  Accordingly, this issue is without merit.

***Ground Three:  Requests to Charge/ Ineffective Assistance of Counsel***

The petitioner also contends that his trial counsel was ineffective for failing to request a jury charge pursuant to *State v. King*, 158 S.C. 251, 155 S.E. 409 (1930).  As an initial matter, this issue was not presented to or ruled upon by the South Carolina Supreme Court in the petitioner's petition for writ of certiorari.  Accordingly, the issue is procedurally barred from habeas review.  *Coleman*, 501 U.S. 22.

On the merits, this claim also fails.  In *King*, the South Carolina Supreme Court held that if a jury has reasonable doubt between lesser and greater offenses, the doubt must be resolved in the defendant's favor.  The petitioner claims that his trial counsel was ineffective for failing to request a "*King*" charge.  However, the evidence at trial did not support such a request, because the petitioner asserted the affirmative defense of accident.  Thus, the court instructed the jury that in light of the affirmative defense, any reasonable doubt must be resolved in favor of acquittal (App. 488-491).  Therefore, the petitioner

cannot show deficient performance or prejudice, under *Strickland*, resulting from counsel's failure to request a *King* charge.[2]  Accordingly, this issue is without merit.

### *Ground Four:  Ineffective Assistance of Appellate Counsel*

In his fourth ground for habeas relief, the petitioner contends that he was denied effective assistance of appellate counsel.  Specifically, the petitioner alleges that his appellate counsel failed to raise "meritorious issue[s] for appellate review, such as the question of whether mistrial should have been granted following the improper introduction of the evidence of other crimes and evidence of shell casing and bullet not connected to this crime" (pet. at 6).  Under *Strickland*, the petitioner must show that the failure to argue the claim was unreasonable, and that the failure was prejudicial.  *See Smith v. Robbins*, 528 U.S. 259, 285 (2000)(habeas applicant must demonstrate that "counsel was objectively unreasonable" in failing to file a merits brief addressing a nonfrivolous issue and that there is  "a reasonable probability that, but for his counsel's unreasonable failure .... he would have prevailed on his appeal").

Appellate counsel "need not (and should not) raise every nonfrivolous claim," and should instead select the strongest claims to "maximize the likelihood of success on appeal."  *Id*. at 288.  Overcoming the presumption that counsel acted effectively and strategically is [g]enerally" possible "only when ignored issues are clearly stronger than those presented."  *Id*. (internal citations omitted).  Weeding "out weaker arguments on appeal and focusing on those more likely tp prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  *Smith v. Murray*, 477 U.S. 527, 536 (1986).  Here, appellate counsel filed an appeal on behalf of the petitioner and

---

[2]This court notes that *King* was overruled by the South Carolina Supreme Court in *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 164 (1999). *Brightman* was decided after the petitioner in the instant case was convicted.

raised the issue of the introduction of the bullet and shell casing from a different caliber gun than the murder weapon. The South Carolina Supreme Court rejected this argument, finding the introduction of the evidence to be proper. Clearly, raising the denial of a mistrial on the same issue would have been equally unsuccessful. Moreover, the petitioner has not shown that any stronger issues were overlooked by appellate counsel. Accordingly, this issue is without merit.

### **CONCLUSION AND RECOMMENDATION**

Pursuant to 28 U.S.C. §2254(d) and (e), this court finds that the petitioner's allegations are without merit. Further, the court concludes that the petitioner is not entitled to habeas relief because the decisions of the South Carolina state courts were neither contrary to nor an unreasonable application of clearly-established federal law, as determined by the United States Supreme Court, nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Wherefore, it is recommended that the respondents' motion for summary judgment be granted.

s/Bruce H. Hendricks
United States Magistrate Judge

May 23, 2005

Greenville, South Carolina